UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 19CR00859 |
| | § |
| EVELYN SMITH, | § |
| Defendant. | § |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Rodolfo Ramirez, Assistant United States Attorney, and the defendant, Evelyn Smith ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count One of the Information. Count One charges Defendant with Embezzlement and Theft of Labor Union Assets, in violation of Title 29, United States Code, Section 501(c). Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 29, United States Code, Section 501(c), is imprisonment of not more than 5 years and a fine of not more than $10,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of up to 3 years. *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, Sections 3559(a)(3) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order,

payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the United States Sentencing Guidelines ("Sentencing Guidelines"). Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines. Defendant

further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in paragraph 22 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to embezzlement and theft of Labor Union Assets. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

    (a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

    (b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

    (c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

    (d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

4

(e) Defendant agrees to provide to the United States all documents in her possession or under her control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw her plea.

## Waiver of Appeal and Collateral Review

7. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction and not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count One of the information and persists in that plea through sentencing, and if the Court accepts this

6

plea agreement, the United States will move to dismiss any remaining counts of the information at the time of sentencing;

(b)   If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently;

(c)   The United States does not oppose the Defendant's anticipated request to the Court for a variance pursuant to Title 18, United States Code, Section 3553 (a), to sentence her to a term of probation. However, the United States does reserve the right to argue for imprisonment if information learned from the PSIR warrants a sentence of imprisonment.

### Agreement Binding - Southern District of Texas Only

11.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable

Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be

drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

15. Defendant is pleading guilty because she is in fact guilty of the charges contained in Count One of the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

a. From in or around February 2011 through in or around May 2018, Defendant embezzled $50,967.76 of Union assets from Communications Workers of America ("CWA") Local 6222.

b. CWA Local 6222 ("CWA") is a labor organization engaged in an industry affecting interstate commerce and is located in the Southern District of Texas. The primary source of income for CWA are member dues payments.

c. Defendant was CWA's secretary treasurer from 2005 through 2018 and controlled, by herself, CWA's finances. CWA had two general fund accounts located at Wells Fargo Bank and Bank of Texas. Defendant used $15,462.70 from the CWA's Wells Fargo account to pay her Chase Visa credit

card for expenses that were personal and not related to CWA's operations or business. The CWA did not authorize these expenses.

d. Defendant was issued a debit card for CWA's checking accounts at Wells Fargo and Bank of Texas. The CWA was not aware that Defendant had debit cards for these accounts. Defendant used the Wells Fargo debit card to make $4,914.67 in unauthorized purchases. Defendant used the Bank of Texas debit card to make $480.88 in unauthorized purchases. Defendant also withdrew $1,500.00 in cash from the Wells Fargo account. The CWA did not authorize these withdrawals and Defendant used the money for her own personal expenses.

e. Defendant was the only officer before 2016 that had the CWA's American Express credit card. Defendant used the American Express credit card to make $10,432.46 in unauthorized purchases that paid for Defendant's personal expenses. Defendant also had the CWA's Exxon/Mobil fuel card. Defendant used the gas card to make $5,100.64 in unauthorized purchases.

f. The CWA had a building fund account at Primeway Credit. Defendant used this account and the CWA's Wells Fargo account to pay $2,450.00 in unauthorized personal expenses.

g. The CWA had a second account at Primeway Credit Union, which was intended to help union members in financial hardships. Defendant and B.D. had signatory authority on the bank account that contained the funds. Defendant started misusing the fund by paying for personal expenses that were not authorized, which totaled $10,626.41.

## Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete

disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) <u>within 14 days of signing this plea agreement</u>. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks, which have custody of her assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21. Defendant agrees to pay full restitution to the victim regardless of the count of conviction. Defendant stipulates and agrees that as a result of her criminal conduct, the victim, CWA Local 6222, incurred a monetary loss of approximately $50,967.76. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

22. Defendant stipulates and agrees that Defendant obtained at least approximately $50,967.76 from the criminal offenses and that the factual basis for her guilty plea supports the forfeiture of $50,967.76. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists. Defendant agrees to forfeit any of Defendant's property in

14

substitution, up to a total forfeiture of $50,967.76. Defendant agrees to the imposition of a personal money judgment in that amount.

23. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

26. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

27. This written plea agreement, consisting of 19 pages, including the attached addendum of Defendant and her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

28. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on December _13_, 2019.

_____
Defendant

Subscribed and sworn to before me on _December 13_, 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____    _____
Assistant United States Attorney    Attorney for Defendant
Southern District of Texas
Telephone: 713 567-9000

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 19CR00859 |
| EVELYN SMITH, Defendant. | § § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____       12/13/2019
Attorney for Defendant                Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and

I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____  _____12/13/2019_____
Defendant                          Date